IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GARY BUTLER**                                                                                 **PLAINTIFF**
**ADC #135278**

v.                              **CASE NO. 3:23-CV-00082-BSM**

**DOE** *et al.*                                                                                **DEFENDANTS**

**ORDER**

Gary Butler's motion to proceed *in forma pauperis* [Doc. No. 1] is granted; however, this case is dismissed without prejudice for failure to state a claim. Butler must still pay the full filing fee of $350, beginning with an initial partial filing fee of $59.20. After payment of the initial filing fee, Butler's custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(2). The clerk's office is directed to send a copy of this order to the Warden of the Ouachita River Correctional Unit, P.O. Box 1630, Malvern, AR, 72104. Payments are to be forwarded to the clerk with Butler's name and case number clearly identified.

Butler's complaint is subject to screening. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). He sues an unidentified Sharp County prosecuting attorney and public defender Calvin Harrell in their official capacities alleging the sentence he received was not what he agreed to when he pleaded guilty. Doc. 2 at 4–5. On August 17, 2022, Butler pleaded guilty in two separate Sharp County cases to possessing both controlled substances and drug paraphernalia. *State v. Butler*, 68CR-22-85 (Sharp County) (Sentencing Order); *State v.*

*Butler*, 68CR-22-35 (Sharp County) (Sentencing Order). He was sentenced in both cases to 24 months' imprisonment with 48 months' suspended imposition of sentence. *Id.* Butler also pleaded guilty on January 19, 2023, in Izard County Circuit Court to theft of property, and he was sentenced to 24 months' imprisonment. *State v. Butler*, 33CR-22-80 (Izard County) (Sentencing Order). Butler is currently serving these sentences in ADC and he asks that his plea agreements be honored. Doc. 2 at 5.

To the extent that Butler is seeking to be released, he cannot obtain that relief in this 42 U.S.C. section 1983 action. The sole remedy for a prisoner seeking release from prison is to file a federal habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Additionally, Butler may challenge the lawfulness of his sentences in state post-conviction proceedings, but not in a section 1983 claim. In any event, the defendants are immune from suit.

To state a claim for relief under section 1983, the complaint must allege that a person, acting under the color of state law, deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Defense counsel in a criminal case, whether appointed or retained, is not a state actor. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981). Harrell is therefore immune from suit. Similarly, prosecutors enjoy absolute immunity for their decisions to charge violations of the law. *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). Accordingly, Butler fails to state a claim on which relief may be granted this case is dismissed without prejudice. An

*in forma pauperis* appeal would not be taken in good faith.

    IT IS SO ORDERED this 12th day of May, 2023.

                                                                _____
                                                                 UNITED STATES DISTRICT JUDGE